**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**MELVIN WISE**                                                                                                     **PLAINTIFF**

**V.**                                                          **CASE NO. 2:08CV259**

**ILLINOIS CENTRAL RAILROAD COMPANY**
**THE ESTATE OF GLENN MOORE**                                        **DEFENDANTS**

**TERESA BUSBY**                                                                     **PLAINTIFF**

**V.**                            **CASE NO. 2:08CV260**

**ILLINOIS CENTRAL RAILROAD COMPANY**
**THE ESTATE OF GLENN MOORE**         **DEFENDANTS**

**STEVE WISE**                        **PLAINTIFF**

**V.**                  **CASE NO. 2:08CV261**

**ILLINOIS CENTRAL RAILROAD COMPANY**
**THE ESTATE OF GLENN MOORE**         **DEFENDANTS**

## ORDER

This cause comes before the court on the motion [16] of the plaintiff, Teresa Busby, Individually and as Administratrix of the Estate of Andrew Lee Williams, Jr., to remand the instant action to state court and the identical motions [14, 11] of plaintiffs, Steve Wise, Individually and as Administrator of the Estate of Cashmere Shykilla Wise and Melvin Wise, by and through his Mother and Next Friend, Rosemary Wise Griffin.[1] In this order the court also

---

[1] The court consolidates these three cases solely for the purposes of issuing the instant remand order. The cases will be remanded separately allowing the state court to handle these matters as it sees fit.

considers the motions [32, 30] of defendant, Illinois Central Railroad Company ("Illinois Central") for leave to file sur-rebuttal responses.

This action arises out of a car wreck. On July 1, 2008, defendant, Glenn Moore, was the driver of a vehicle which collided with a train operated by Illinois Central. Moore, Williams, and the Wises were killed in the accident. The plaintiffs brought suit against Illinois Central and Moore alleging negligence by each caused the death of Williams.

The plaintiffs and Moore are all residents of Mississippi. For diversity purposes Illinois Central is a resident of Illinois. Illinois Central has removed this case arguing complete diversity exists because either Moore is a nominal party whose residence should not be considered for the purposes of determining diversity or the case should be realigned to consider Moore as a plaintiff. This argument is based on two grounds:(1) that Moore and the plaintiffs have the same ultimate interest; and, (2) that Moore's estate has no assets.

The court first addresses a factual question raised in the reply memorandums of the plaintiffs. Illinois Central claims Moore's only asset is a wrongful death suit against it. The plaintiffs argue that Moore 'may' have a $400 interest in a trailer home. Moore's estate has, however, disclaimed that interest. Moore's estate has been adjudged to only possess an interest in the wrongful death suit. As such the court will not consider the possible $400 interest. Without that interest Moore's estate is penniless and incapable of paying any judgment. Having made the factual finding requested by Illinois Central without the need for sur-rebuttal response, the court finds Illinois Central's motions for sur-rebuttal moot.[2]

A case from a sister court is directly on point as to the issue raised in these actions. In *Stuckey v. Illinois Central R.R. Co.*, the district court ruled the defendant driver should be

---

[2] The court granted Illinois Central's request for sur-rebuttal in Busby's action.

realigned as a plaintiff for the purposes of determining diversity jurisdiction. 1996 WL 407247 (N.D. Miss. June 5, 1996); affirmed by *Stuckey v. Illinois Central R.R.*, 162 F.3d 96 (5th Cir. 1998). That court held the claims against the driver should be considered as cross-claims against a co-plaintiff under Federal Rule of Civil Procedure 13(g). *Id.* at 3. At the time that case was decided, under Fifth Circuit law, a court should have pierced the pleading to determine if diversity jurisdiction existed. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990) (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980)); *see also City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (citing *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 181 (1905)). Under that standard realignment of a defendant as a plaintiff, required a party to show that the plaintiff and realigned defendant had the same ultimate interests in the litigation. *Lowe v. Ingalls Shipbuilding, A Div. of Litton Systems, Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984). In order for a defendant to be a nominal party a plaintiff had to have no "possibility of recovery" against them. *Carriere*, 893 F.2d at 100-01 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981)). However, that standard changed following the *en banc* ruling in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004).

The standard as it stands now is that the removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). Further, in *Smallwood*, the Fifth Circuit stated that courts should ordinarily only apply the dismissal standard found in Federal Rule of Civil Procedure 12(b)(6). *Smallwood*, 385 F.3d at 573. The court stated District Courts can only look past the pleadings where facts have been "misstated or omitted" which go to the propriety of joinder. *Id.* The change to the standard is not just that courts should less frequently "pierce the

pleadings," but also that such piercing is within a court's discretion. *Id*.

Based on *Smallwood*, the court will apply the Rule 12(b)(6) standard to the instant matter. In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must simply plead enough facts in the complaint to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Illinois Central does not dispute that Busby has plead facts sufficient to state a claim. Doubtlessly, Illinois Central will itself argue that Moore negligently caused this accident. Since the court declines to pierce the pleadings, the arguments raised by Illinois Central are inapplicable in deciding whether diversity jurisdiction exists.

The plaintiffs' motions to remand are GRANTED. The court finds Illinois Central's motions for sur-rebuttal MOOT.

This the 21st day of May, 2009.

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**